UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

RYAN TALLEY                                                                                         PLAINTIFF

v.                                                             CIVIL ACTION NO. 1:12CV-P208-M

ROGER WOMACK *et al.*                                                                     DEFENDANTS

## MEMORANDUM OPINION

Plaintiff, Ryan Talley, filed the instant *pro se* action under 42 U.S.C. § 1983 proceeding *in forma pauperis*.  This matter is before the Court on preliminary review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons that follow, the Court will dismiss the action.

## I. SUMMARY OF CLAIMS

Plaintiff is an inmate at the Warren County Regional Jail (WCRJ).  He sues Roger Womack and Thomas Maxwell, whom he identifies as corrections officers at the WCRJ, in their individual capacities only.  Plaintiff states that on December 7, 2012, he was attending a Muslim service with a friend named Cunningham.  He states that Cunningham "comes to service every week only to observe how to pray by watching and listening."  However, Defendants "kicked Cunningham out of services[.]"  Plaintiff states that Defendants told Cunningham that if he was not participating he needed to leave the service.  Plaintiff states that he attempted to intervene and became upset and "couldn't go on with the service because of what these two officers had done."  Plaintiff states that Defendants violated his rights under the First and Fourteenth Amendments and that Defendant Maxwell was "grossly negligent" in supervising Defendant

Womack. He states that Defendants showed "deliberate indifference" to his and Cunningham's[1]

rights. He also alleges that Defendants denied his "Right to express my Religious Denomination which is a violation of the 1st and the 14th Amendment due process clause." He also alleges negligence and "verbal abuse in connection with the 8th Amendment and the 14th Amendment" and mental and emotional distress. Plaintiff also alleges "negligence in Connection with the grievance procedure in violation of the 8th Amendment due process clause." As relief, Plaintiff seeks compensatory and punitive damages and other relief.

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint

---

[1]To the extent Plaintiff is attempting to bring any claim on behalf of Cunningham, Plaintiff does not have standing to bring a claim on another's behalf. *See, e.g.*, *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("*pro se*" means to appear for one's self; thus, one person may not appear on another person's behalf in the other's cause). Thus, the Court does not consider Cunningham a party to this action.

in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

**A.     First Amendment**

The First Amendment prevents the government from prohibiting or excessively curtailing the free exercise of religion. However, Plaintiff alleges one occasion in which Defendants told Cunningham that he must leave the worship service and therefore Plaintiff "could not go on with

3

the services[.]" A one-time interference with the free exercise of religion does not rise to a constitutional violation. *See Gunn v. Kentucky*, No. 5:07CV-P103-R, 2010 U.S. Dist. LEXIS 60530, at *5 (W.D. Ky. June 18, 2010); *Greenberg v. Hill*, No. 2:07-CV-1076, 2009 U.S. Dist. LEXIS 28027, at *6 (S.D. Ohio Mar. 31, 2009) ("[I]solated or sporadic government action or omission is *de minimis* and does not constitute a 'substantial burden.'"); *Cancel v. Mazzuca*, 205 F. Supp. 2d 128, 142 (S.D.N.Y. 2002) (finding that an "isolated denial, such as having to miss a single religious service, does not constitute a substantial burden on a prisoner's right to practice his religion"). Consequently, this claim will be dismissed for failure to state a claim upon which relief may be granted.

**B.     Eighth Amendment/Fourteenth Amendment**

Plaintiff alleges that Defendants subjected him to "verbal abuse in connection with the 8th Amendment and the 14th Amendment" and showed "deliberate indifference" to his rights. "[S]tate pretrial detainees are shielded from cruel and unusual punishments by the Fourteenth Amendment's Due Process Clause" while convicted inmates are protected by the Eighth Amendment's Cruel and Unusual Punishments Clause. *Spencer v. Bouchard*, 449 F.3d 721, 727 (6th Cir. 2006) (footnote and citations omitted). Plaintiff does not state in his complaint whether he is a pre-trial detainee or a convicted inmate. However, the Sixth Circuit has held that harassing or degrading language by a prison official, although unprofessional and despicable, does not amount to a constitutional violation. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004); *Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) ("[V]erbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim."); *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Searcy v. Gardner*, No. 3:07-0361, 2008 U.S. Dist. LEXIS 10312, at *4 (M.D. Tenn. Feb. 11, 2008) ("A claim under 42 U.S.C.

§ 1983 cannot be based on mere threats, abusive language, racial slurs, or verbal harassment by prison officials."). Therefore, Plaintiff's claims concerning verbal abuse under either the Eighth Amendment or Fourteenth Amendment must be dismissed.

Plaintiff also alleges "negligence in Connection with the grievance procedure in violation of the 8th Amendment due process clause." An inmate grievance procedure within the prison system is not constitutionally required. *See United States ex rel. Wolfish v. Levi*, 439 F. Supp. 114, 163 (S.D.N.Y. 1977), *aff'd sub nom, Wolfish v. Levi*, 573 F.2d 118 (2nd Cir. 1978), *rev'd on other grounds, Bell v. Wolfish*, 441 U.S. 520 (1979); *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986); *O'Bryan v. County of Saginaw*, 437 F. Supp. 582, 601 (E.D. Mich. 1977). If the prison provides a grievance process, violations of its procedures do not rise to the level of a federal constitutional right. *Spencer*, 638 F. Supp. at 316. Since Plaintiff has no right to an effective grievance procedure, *Ishaaq v. Compton*, 900 F. Supp. 935, 940-41 (W.D. Tenn. 1995); *Flowers v. Tate*, Nos. 90-3742, 90-3796, 1991 U.S. App. LEXIS 2976, at *3 (6th Cir. Feb. 22, 1991), a failure to follow the grievance procedures does not give rise to a § 1983 claim. *Id.*; *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982). Thus, Plaintiff's claim related to the grievance procedure must be dismissed for failure to state a claim.

**C.     State-law claims**

Because Plaintiff's federal-law claims will be dismissed, the Court declines to exercise its supplemental jurisdiction over his state-law claims. *See* 28 U.S.C. § 1367(c)(3). Those claims will be dismissed without prejudice.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:   May 10, 2013

*Joseph H. McKinley, Jr.* (signature)

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc:   Plaintiff, *pro se*
      Defendant
4414.010